Marcia, you may call the last case of the day. Ms. Quintana, you may proceed to the floor. Good afternoon, Your Honors. Counsel, you may please the court. My name is April Quintana. I represent Defendant Appellate Jeremy Adame on behalf of the Office of the State Appellate Defender. There are three issues presented in this appeal. The first is whether the restitution order should be vacated and the cause remanded for determination of the proper amount of restitution because in fixing the amount of restitution the trial court exceeded its statutory authority and relied on insufficient evidence of the complainant's actual loss. The second issue is whether the public defender fee should be vacated in the interest of fairness and because there was no hearing held within the requisite 90-day timeframe to determine the reasonableness of the fee. The third issue involves whether certain fines should be reduced because they were imposed in contravention of county board enactment because the state has confessed error with respect to that issue. I will not address it except as in response to this court's questions. I'll focus instead on the first two issues. Regarding the first issue, the trial court committed two errors in imposing the restitution order in this case. The first was that it exceeded its authority under the restitution statute by imposing an amount of restitution that was greater than $500. The reason that that was inappropriate was because Mr. Adame was implicitly acquitted of the greater class 3 felony theft offense. The court found as a matter of law that the credenza that was the subject of the theft charge was not worth more than $500 based on the evidence the state had presented. Let me ask you a point of question. How do you distinguish this case from the Hansen case? Yes, your honor, a couple things with regard to the Hansen case. First of all, factually, there was no acquittal involved in that case. It wasn't a situation where the defendant had been charged with a greater felony offense and then acquitted of that offense and found guilty of only a lesser included charge where the amount of the property at issuing the charge was an element of the offense. That case also turned on proximate causation in a way a lot of the other cases that are distinguishable from this case have. So in Hansen, the issue was whether the defendant could be required to pay an amount of restitution when he did not contest the sufficiency of that evidence at any time in the prior proceedings. And the court found that he effectively stipulated to the amount of the restitution order as well. Or at least in the amount. So there was an ostensible reason. So here you're saying that the court explicitly found the restitution did not exceed a certain amount. Then without any further evidence being presented, turned around and still double the amount of restitution. Yes, your honor. That's exactly the issue. And I think that's somewhat problematic to be candid with you. But so how does this fall then within the plain error? I'm assuming that the court had no basis. I mean, it would be anomalous for court to say, I think it's clearly this amount, but I'm still going to order you to pay double. Okay, we can agree that seems to be a little bit unusual. So, but why does this meet the second prong plain error? There are a few reasons. And first of all, I would just point out to the court that there is some precedent for finding that these types of restitution issues are plain error. The Jones case, the Rayburn case. There was a finding of plain error. But as the fourth district critiqued in the Hansen case, those cases did not have a thorough analysis of why second prong plain error applied. It's Mr. Adami's position that plain error applies in this case because the court committed first a clear error when it, one, acted outside of its authority under the restitution statute by requiring him to pay restitution for an offense of which he had been acquitted. Are you aware of the People v. Jansen case out of this district? It does sound familiar, Your Honor. It should. My lawyer and colleague, Justice Sutton, has dissented in that case. There, the court held that only an extraordinarily serious error renders a proceeding unfair within the meaning of the second prong of a plain error doctrine. So, Jansen took a very conservative reading of this. So, why would Jansen not control? Your Honor, it's Mr. Adami's position that this is a very serious error. His due process rights are implicated by this type of error by the trial court. When a restitution order is imposed as a condition of probation, it allows for a few different things to happen if the defendant fails to pay. Number one, means can be attached to the personal property as well as the real property of the defendant to satisfy that restitution order. In addition, if there's a willful failure to pay, then probation can be revoked and the defendant can be sentenced to jail or prison as the case may be. Because there's a loss of liberty that's at stake, as well as a loss of property rights, due process is implicated. And so, error by the trial court, which could potentially implicate those rights, is a serious error. Let me ask you a question about the trial. This was a jury, right? Yes, Your Honor. Did the defendant request a lesser included instruction for theft under 500? No, Your Honor. That was not a requested jury instruction. If, all right, let's just say hypothetically he had. And if the jury had found him guilty of theft under $500, would we be in the same circumstance that we are today? In this instance, it was a judge doing it, right? Yes, Your Honor. So there are a couple of pieces to that that I think are relevant. The first is that situation would not involve a situation in which the defendant was necessarily acquitted of an offense. Well, I mean, I suppose if the jury had the option of finding him guilty of either felony or misdemeanor, and they found that he was only guilty of felony, I suppose that would also be an implicit acquittal. So we would be in the same position in that regard. But the second question would be, was there any allegation that the defendant's criminal conduct proximately caused other damages outside of the theft of the item that was the subject of the theft charge? So if there was no additional evidence, there was no allegation that there was a causation issue where other damages were involved, then yes, we would be in the same position. I think we all know that trial judges from time to time will exercise, in some respects, exercise the power of lenity, and they'll find a young man who's made a mistake. They'll find him guilty of a lesser. They'll find him guilty of a misdemeanor as opposed to a felony. If the judge had done that here without mentioning the value of the property, would that make a difference? In other words, if he hadn't based it specifically on the value of the property, he had just said, you know what, I'm going to find you guilty of a misdemeanor. Go on from there. I think we would be in the same position, Your Honor. What matters is that the trial court found as a matter of law that the state failed to prove that the defendant committed Class III felony theft of a piece of property that was worth between $500,000 and $10,000. That cost associated with the item that was stolen, that range of its value, is an element of the offense. If the state failed to prove an element, any element, and the defendant was acquitted, I mean, that could be the only basis on which the court, as a matter of law, finds that he's guilty of the misdemeanor rather than the felony. Failure to prove any other element, and he's just not guilty altogether. So I think it's also important, Your Honors, to acknowledge that there's another avenue by which Mr. Adame can get relief on this particular issue, which is ineffective assistance of trial counsel. As the record shows, trial counsel vehemently argued before, during, and after trial that the state's evidence regarding the value of this credential was insufficient. It defies logic why she did not renew that objection after the court stated the amount of the restitution order, and then didn't even file a pro forma motion to preserve any  So I think that, you know, for the same reason, I mean, this was an objectively unreasonable mistake, and then Mr. Adame was prejudiced for the same reason that I think this was a very serious issue under plain error. But if we were to accede to the correctness of your position with regard to the amount of restitution, then we need not address that issue, right? Get effective assistance. Yes, Your Honor. So with regard to the second portion of the restitution issue, it's Mr. Adame's position that the trial court abused its discretion by finding that the evidence the state presented with regard to the value of the credenza that was relevant and reliable to prove that as an actual loss. Competent evidence might include any number of things. The restitution statute does not specify what the state is required to show. However, it's clear that restitution must be based on something more than a guess. And the complainant's testimony in this case shows that she essentially guessed at the valuation of her credenza. Is there a burden of proof at the sentencing hearing? Yes, Your Honor. It's relevant and reliable. Okay. So it's... And that is different from the burden of proof at the trial, correct? That's correct, Your Honor. And the difference in the burden of proof is irrelevant with regard to this issue as it pertains to the trial. In this portion of the issue, we're discussing whether or not it was relevant and reliable evidence presented at sentencing to support the order. It's our position that the evidence was too speculative. Betty said it was 1100. Well, that refers back to the complainant's trial testimony where she basically said, I could not find a similar credenza to mine on the Internet. So I just pulled out a picture of one that was an average credenza, plain and simple. Well, that clearly is too speculative to be proof of an actual loss on her part. If that had been the exact same credenza, then what? Then... How does that affect your argument that the judge implicitly found her not guilty of the greater? But there is evidence in the record that is good evidence. Then what? If there was additional evidence presented at sentencing, which would have supported an argument that the defendant's criminal conduct approximately caused a loss of any amount for anything, then the court would be allowed under the restitution statute to order restitution in that amount. So if they had come in at sentencing with something, let's say off the Internet, that said, man, this is the exact same credenza. And it's worth $900. So he could have ordered the $900. If there was evidence that the defendant's criminal conduct, which was a fact of this credenza, approximately caused a loss of any amount that was provable, then yes, the court could have ordered restitution under the statute. I think that's one of the key factors here. That would be because there are the cases talk about Lewis, the other cases in the second district talk about establishing the loss. There was no additional evidence in those cases. I mean here there was evidence that it was below or did not exceed 500 and then without more the judge turned around and doubled it. Exactly. That's the distinguishing factor between this case and my mind and all those other cases. Exactly, Your Honor. That's Mr. Adami's position. With respect to the second set of issues regarding the public defender fee, this court's recent decision in Pupil v. Castillo controls. There was no hearing held within the 90-day timeframe of the sentencing hearing in this case at which the court determined the reasonableness of imposing a public defender fee. Had such an hearing been held, had the court done what was required under the statute, considered Mr. Adami's certificate of assets and liabilities, made any inquiry, however slight, into the defendant's financial situation. Well, is that totally true though? There's sort of two lines of cases, as you know. The case's breakdown with the Castillo where if there's no hearing at all, that is obviously different than where there's the Summers line where there's some sort of a hearing, then you remand it, correct? Yes, Your Honor. I'm thinking this is closer to Summers because as I was reading the record, the court offered the defendant to provide information, asked him about that. The court said it was aware of the quote-unquote circumstances from the PSI. You know, obviously it was insufficient, I think, but there were some questions where they're not related to the defendant's financial ability. No, Your Honor. There were no questions related to the defendant's financial ability. Didn't he ask the defendant the opportunity, didn't he give the opportunity to provide information? That didn't come up at all? The court asked defense counsel if she wanted a hearing on the issue. She essentially answered yes, she did, and then no hearing was conducted. The court said anything to add for that counsel, and she said no. That, in Mr. Adame's view, is not an inquiry into his ability to pay. So you're engrafting the requirement there has to be a meaningful hearing as opposed to some hearing? No, Your Honor. The question is whether or not there was any inquiry into the defendant's ability to pay specifically. It's the duty of the court to make that inquiry under the statute. So... So now that you're saying there's no hearing? Yes, Your Honor. And that's Mr. Adame's reading of Castillo, is that that specific issue must be addressed or it does not qualify as a hearing under the statute. It's not a hearing in the abstract sense of the term hearing. It's what is a hearing under the statute authorizing the public defender fee. So there's a certain level you're engrafting on. You're saying it has to go to a certain level. Merely talking about it in general and formally at the bench, which unfortunately a lot of trial judges do, you're saying it's not sufficient? Under Castillo, no, Your Honor, that's not sufficient. It's also notable that the statute requires consideration specifically of the defendant's certificate of assets and liabilities. It says the court shall consider the affidavit prepared by the defendant under section 113-3 and that requires an affidavit signed by the defendant who requests appointing counsel, allowing the court to ascertain his assets and liabilities. Detailed evidence or stipulations by the parties, but he doesn't look at an affidavit. You're saying that's no hearing? Under the statute, consideration of that certificate is required. So under the statute, I would say that no, that would not qualify as a hearing. Well, these cases usually don't go to resolution within 30 days. Maybe this would fit, but normally it takes a little longer and circumstances can change. Must the court get a new certificate of assets in that case or in every case or can they go back to the certificate back when the public defender was appointed? I think logic dictates, Your Honor, that the court should get updated information. However, the statute doesn't require that. All the statute requires is consideration of the certificate of assets and liabilities filed under section 113-3. So part of the inquiry into the defendant's ability to pay probably should include that information. Had that happened here, the court would have learned that Mr. Adame was a single father who was unemployed collecting food stamps and making $400 a month off side jobs and probably would have concluded that it was unreasonable to impose the fee, especially since he had already paid one. May I briefly conclude, Your Honors? Yes. Mr. Adame asked this court to vacate the restitution order and remand this case for determination of the proper amount of restitution, if any. He also asked that this court vacate the public defender fee and post absent the requisite hearing and reduce two other assessments imposed in contravention of County Board Act. Thank you. Ms. Lee, on behalf of the appellee, may we proceed? Good afternoon. May it please the court and counsel. I would just note for the court, I had filed a motion to cite additional authority two days ago. I did receive a strenuous objection from the other side, so I will not be mentioning that case because obviously it has not been ruled on at this point. As far as counsel has been saying that the court found as a matter of law that this item, the credenza that the defendant was in fact convicted of stealing, was under $500. And I would disagree with that to the extent that what the court found was that it was not proven beyond a reasonable doubt that it was in fact worth more than $500. When you get to the restitution section, you very much look at a different standard and you can use different evidence, including hearsay and other things such as that, which Gallagher proves that when the defendant was actually acquitted of the $500, and they concluded the glasses in with the domestic battery by saying, well, those were damaged in the course of the offense. So yet he was acquitted and still had to pay. But you shifted gears somewhat. I apologize. But what in the record, where then is the additional evidence that would establish that it was more than $500? The evidence, number one, I mean, this was an account, it was an item that was unique. We agree with that. So the defendant actually conceded that he was in possession of this item, introduced a picture of the item, which the court could then look at. It was also admitted at trial as well. And he said that it had been scratched up, but that was the actual item. What Betty's testimony actually was, was that she didn't find the exact item, but she picked this one because it was most closely resembling. It was wood, which this was solid maple wood. It had similar length. It had legs and it had drawers. What did she say the value was? That was the $1,100 from the picture that was most similar to it. Now, certainly, if the defendant has the item. Was that at the trial? That was at the trial, yes. Okay. All right. So again, recognizing the judge held, I don't know if I call it a matter of law, it's only as a matter of fact, he decided that the value did not exceed. Then we go into sentencing. There was no additional evidence presented at the sentencing hearing relative to the value of this credential, was there? Other than it mentioned the same value in the PSI, which was before the court. In addition, again, what the court actually found, and it's two totally different standards, is it wasn't proven as an element of the offense beyond a reasonable doubt. When you talk about the restitution, you are talking about an entirely different standard, which could be a lesser burden of proof. I don't know what the court was thinking. Did the court say anything in setting this restitution amount of $1,100? Did the court articulate any reason whatsoever as to why it except it imposed that amount? Well, he did not say anything at the sentencing hearing about it, as in fact, nobody objected. So the issue we claim is forfeited. But essentially, at the time of the post-trial motion, what he said is, well, your point is well taken. I'm going to go ahead and reduce it. I don't believe that's a finding that, in fact, as a matter of law, it is not worth that amount. Well, how does this case get distinguished from the Lewis case, which, by the way, was a Supreme Court case, and you talk about forfeiture. In that case, the Supreme Court held that plain error applied to the sentencing proceeding. In that case, the trial court was found to improperly have imposed a $100 street value fine without evidentiary support as to the value of the controlled substance. The court noted that the error was more than a simple mistake in setting the fine. The court held whether it was a failure to provide a fair process. The court stated that plain error review was appropriate because imposing the fine without evidentiary support implicated the right to a fair sentencing hearing. And why isn't it analogous here that the court never said anything in sentencing about the value of how it jumped from under $5,000 to $1,000, just all of a sudden shifted gears without explaining? Doesn't that seem to fall within Lewis? No, I would argue it does not in the sense that in Lewis, there was absolutely no evidence anywhere in the record. What we have in the situation here, again, is a different standard of proof for the two different issues. So in Lewis, they're saying there was nothing here. And in ours, we have Betty's testimony as well as the actual picture of the credenza. Which the court didn't obviously accept because if the court accepted that, you're arguing proof. Why wouldn't it accept it? Why wouldn't it have found the defendant guilty? The court didn't accept that it was proven beyond a reasonable doubt, which does not mean it's not reliable evidence that might be considered at a lesser standard of proof. We have that all the time in civil cases versus a criminal case. So it's okay for the court to disimpose the figure without even mentioning what it came from? I mean, he would have imposed it based on the evidence that was before him, which, yes, was the exact same evidence. But he didn't say he was doing it based on the evidence before him, did he? He said that he was, he just imposed the number that was in the PSI, which would have been after he considered the PSI, which explained the evidence that was before him. But he didn't say that, right? It was in the PSI, but he didn't allude to it specifically, right? In terms of the restitution, no, but he said he had considered the PSI. He certainly said that. I mean, in sentencing, he considered the PSI. So I believe that that would, in fact, mean he considered the evidence that was in there, but he also considered the evidence from trial. So even if it wasn't sufficient beyond a reasonable doubt, the restitution statute is supposed to be broadly construed in order to make the victims whole. And it is a very different standard. And that can be shown, again, it's shown by the Hansen case, which you have where they found less than 300, but they imposed the actual loss of 490, which was more than the threshold amount. You make a good argument as to why there's evidential support for the court's ruling on the amount of restitution. If we were to disagree with your characterization or your argument on that issue, that the amount was not specifically set, and if we find that the argument was not forfeited, what's your position on whether or not the plain error rule, the second prong of the plight? Well, plain error, I obviously, I argue that it is not error at all. So if it's not error, it cannot be plain error. In terms of whether plain error, you're looking at what's essentially a de minimis amount here. I mean, it's double the amount that was initially. It is $600, about $600 total. Well, depending. I mean, yeah, it's $600 more than the $500 threshold, but obviously, too, the credenza itself can't be returned. We know that. There was some issue that it was available for return. Correct. But everybody, including the defendant, admitted that had been altered and it's being scratched during the move. And so it was not in an identical condition to be returned. Well, I mean, it was allowed to remain in that premises for two separate tendencies. Correct? He was there, he left, and he came back. I mean, it's not going to be in the same condition that it was. But the defendant testified that it was damaged during the move. There was discrepancy in the testimony, which would be a credibility issue. Betty had testified that it was damaged more than just the scratches. There was paint or something on it that was blue that she didn't recognize. It looked like one of the legs was damaged. So there was testimony from her about actual additional damage. But even the defendant acknowledged that while he was moving it out of the rental place when he was leaving, that it was scratched. Well, that, in fact, would be a basis for money in addition to the $500 if the damage had to be repaired, correct? Correct. But did anybody establish what that amount would be? Not any kind of an appraisal. But the other problem is that it is maybe a one-of-a-kind item to a certain extent, and the defendant has it. So how is Betty supposed to go get an appraisal of this item that the defendant has in his storage? But there was no appraisal, obviously. I agree with that. But I do also know that an owner can testify about value of something that they have, as well as the fact that, as the judge had mentioned earlier when he was talking about, he mentioned that people who furnished an apartment or have had a house or done any of these things would, in fact, be able to assess what kind of, that a wood item is a certain value. Ms. Wood, what's your position on whether or not there was some sort of a hearing, as that term is alluded to in the case law here, such that a remand would be appropriate? Opposing counsel argues that what happened here was really no hearing at all. So what's your position on that issue? I do believe there was some sort of hearing. What essentially happened is the judge said, I'm familiar with, well, first he said, as you were notified at your bond hearing, we were going to consider this issue. So you had notice of it. And then he said that he was going to consider it now unless they wanted, you know, he said, do you want me to consider it now or do you want me to wait? They said, well, you can consider it all now. And then he said, he specifically said, I have heard the arguments and I have the PSI. And so I'm familiar with the information. And then, do you have anything to add to that? Which is, that's your notice and your opportunity to be heard. He can't force the defendant to say something or testify. So he had his notice and his opportunity to be heard and said, I don't have anything else to add. So if you call a remand for a hearing and the parties stand mute, then you're saying that qualifies as some sort of a hearing. Well, he did stand mute though.  Well, all right. They didn't add anything. They didn't have anything to add. And you can't force the defendant to testify. That argument has intuitive appeal. So, anyway, your conclusion is there was some sort of a hearing. Correct. Well, it is rather interesting that the trial judge here imposed a $250 fee. And in Castillo, a different trial judge also imposed a $250 fee. And that trial judge was also in Lake County. It appears that $250 is just kind of like, okay, this is the amount we're going to be imposing. Well, the statute, it is supposed to be based on essentially a thought about how much work was done here. In this case, I would say actually way more than $250 if you look at normal attorney rates and things like that, of how much work was actually done in these two cases. But even if you combine the two fees, they're well within the threshold for a felony charge, which it says charge, not the conviction. So the felony charge, I believe they could have actually imposed up to $5,000. For a misdemeanor, it was $500. So you're still, even with the two, not exceeding that. But what I'm saying is $250 seems to be the standard public impose or was imposed prior to the Castillo case. It just looks like this is where it gets clear. I don't have enough information in the record to verify that. I understand what you're saying. The Castillo case, it says we don't have a hearing. In this case where we look, we don't have much of a hearing, if any, on this issue, just seems to be the amount. Yeah. The only thing that I would say is that I do believe, you know, the defendant isn't arguing about the amount other than it's duplicative. They're not saying that the fees themselves were unreasonable. They're only arguing that there was no hearing about the ability to pay, which is what the case law talks about, that you have to have a hearing about the ability to pay, which is separate and apart from the amount itself. And that would be my argument as to, they're not really challenging the $250 in and of itself, other than the fact that it's duplicative. And in terms of it being duplicative, it was because they really were two different cases. The second case had multiple charges in it, where the first one was only one charge. You had two separate counsel doing motions. Obviously, in the second case, they actually got him acquitted of one, the criminal damage when it got severed. And then they actually obviously got reduced from a felony to a misdemeanor, which is incredible for him. And then also got him acquitted of the other theft of the engine, the boat engine. I guess if nobody has any other questions. Thank you. Thank you very much. Ms. Contella, you may present your argument in any book. Thank you, Your Honors. So first, by way of analogy, with regard to the first of the two restitution issues, once the trial court implicitly acquitted Mr. Adame of the Class III felony theft offense, the court could no longer punish him for that offense. That's sort of the crux of Mr. Adame's position. So just as the court could not impose a prison sentence of two to five years on a misdemeanor theft conviction, it could not impose restitution in an amount exceeding $500 solely for the complainant's loss of the credenza, which was the subject of the theft offense. Is restitution always a punishment? When it's involved in sentencing as part of a condition of probation. I thought it was to make the victim whole. Well, that's the purpose of the statute, Your Honor. However, imposing a financial requirement on a defendant is part of his punishment, so is restitution. So it would be similar if, say, the court, Mr. Adame was charged with a Class X drug delivery case, and the jury found him guilty, and the court said, you know, actually, I don't think the state proved that this occurred within 1,000 feet of a park, so I'm going to reduce it to a Class I offense. The court couldn't turn around and impose a $3,000 drug assessment under 570-411.2 instead of a $2,000 drug assessment. What matters is what the statute permits. The restitution statute permits the court to impose restitution only for the offense of conviction and only based on the defendant's criminal conduct being the proximate cause of the proven loss. But doesn't it also matter in the case as to what the evidence showed at the sentencing hearing? In other words, if there's additional evidence, I mean, you're making the argument that if the judge finds that the offense was not proven guilty, the honor isn't brought up a certain amount, that's the end of the ballgame. What if there was additional testimony at the sentencing hearing that really defensively established the restitution was $1,100, and that's in the record? What then? That, Your Honor, is proximate causation being shown, that the defendant's criminal act caused some greater loss than that which is inherent in the offense. So you would agree with me, the ballgame isn't necessarily over because the judge found him guilty of the lesser, is it? Not necessarily, Your Honor. To the extent that there would have to be some allegation at sentencing that the defendant's criminal act caused actual losses, too. Which in any event was not in this case. Correct, Your Honor. So I think it's also important to note that the $1,100 figure involved in this case is not an insignificant sum of money. In addition, the problem about the credenza being scratched while it was being moved, that would have been an excellent opportunity for the state to present evidence of what it would have cost to refinish the credenza or something of that nature. However, it declined to do so. Would that come in even if we weren't going to return the credenza? Would that be relevant? I think it would be relevant to the determination of whether the credenza could be returned, could it be restored in kind in a similar condition. But pulling an $1,100 figure out of thin air on the basis of some other credenza, and I think that what it really comes down to is the complainant's testimony. She said, I couldn't find anything similar to my credenza. So I found this picture of some other credenza and said, well, it's a credenza, basically. And so that's where the $1,100 figure came from. There weren't similarities in terms of the construction of the materials, the newness of the materials. The fair cash market value can be determined by proof of cost plus proof relating to condition, quality, modernness, or obsolescence. What we have here is a 10-year-old used credenza, and you can see it in Defense Exhibit 1. This was not a brand-new reclaimed wood credenza. And the complainant said as much. So in the absence of any evidence that would establish that the actual credenza at issue was an $1,100 actual loss to the complainant, the restitution order was just excessive. And that surplusage beyond the $500 amount in light of Mr. Adami's acquittal on the felony offense and in light of the fact that there was no additional evidence showing proximate causation based on his criminal conduct, the restitution order must be vacated. And with respect to the public defender fee issue, I think it's instructive to look at the exchange that took place in Castillo. In that case, the court, as defense counsel was withdrawing to give way to private counsel to take over the case, the court asked counsel whether she spent any resources in the case. She replied that she had. Thank you, Your Honor. The court said, are you asking me to assess fees? And she said, we are. And he assessed the fee. So there was some sort of exchange that took place. There was, you know, theoretically some sort of notice and opportunity to be heard. However, there was no inquiry into the defendant's ability to pay. Thank you, Your Honors. Thank you, Ms. Gonzalez. I want to thank both counsel for the quality of their arguments on the interesting issues here this afternoon. The matter will, of course, be taken under advisement. A written decision will issue in due course. We stand adjourned for the day subject to call.